UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------X

YAHYA SABRI,
Individually and on behalf of a class,

                Plaintiff,

vs.

E. HOPE GREENBERG, an individual, d/b/a
LAW OFFICE OF E. HOPE GREENBERG,

                Defendant.

---------------------------------------X

CASE NO.: 1:13-cv-00699-FB-VMS

**FINAL APPROVAL ORDER**

Upon consideration of the Parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, YAHYA SABRI ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, E. HOPE GREENBERG, an individual, d/b/a LAW OFFICE OF E. HOPE GREENBERG ("Defendant" or "GREENBERG"), the Court orders and finds as follows:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class Members, and Defendant.

2. The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

    All Persons in the State of New York to whom GREENBERG sent an initial written communication in the form attached as *Exhibit A* to Plaintiff's Complaint [Doc. 1], in an attempt to collect a debt that was incurred for family or household purposes, on behalf of South Shore Adjustment Co., during the period beginning February 6, 2012, and ending February 6, 2013.

3. Based on the Parties' stipulations: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class Members, and

included whether or not Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, *et seq.* ("FDCPA") (i) improperly making a demand for payment in full within 10 days, which contradicts and overshadows the consumer's 30-day right to dispute the alleged debt under the FDCPA; and (ii) falsely implied that an attorney was meaningfully involved in the decision to send the letter; (C) the claim of Plaintiff is typical of the Settlement Class Members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and his attorneys, Andrew T. Thomasson, William F. Horn, and Abraham Kleinman are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class Members.

4. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to approximately 1,943 Settlement Class Members by First Class, Inc., the third-party settlement administrator ("Settlement Administrator"). A total of 476 envelopes were returned by the United States Postal Service as undeliverable with no forwarding address or further information; 34 notices were returned by the United States Postal Service with a new address and successfully re-mailed. No Settlement Class Members requested exclusion, and no objections were filed or received. A total of 80 claim forms have been received, 6 of which were untimely. The Parties recommend and, therefore the Court accepts, all untimely claim forms that are received prior to the date of disbursement set forth in the Agreement.

5. On September 12, 2014, the Court held a fairness hearing to which Settlement Class Members, including any with objections, were invited. Excluded from the Settlement Class are those 476 persons, identified in Exhibit A hereto, whose notice was returned to the Settlement Administrator as undeliverable.

2

6. The Court finds that provisions for notice to the class satisfy the requirements due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

7. The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by Defendant. Upon the Effective Date, as that term is defined in the Agreement, Defendant shall make the following payments:

(a) Defendant will create a class settlement fund of $10,000.00 ("Class Recovery"), which Class Counsel shall distribute *pro rata* among those Settlement Class Members who did not exclude themselves and who timely return a claim form ("Claimants"). Claimants will receive a *pro rata* share of the Class Recovery by check. Checks issued to Claimants will be void sixty (60) days from the date of issuance. Any checks that have not been cashed by the void date, along with any unclaimed funds remaining in the Class Recovery, will be donated as a *cy pres* award to the National Consumer Law Center, Inc. and earmarked strictly for New York consumer counseling programs.

(b) Defendant shall pay Plaintiff $5,000.00.

(c) Class Counsel shall receive attorneys' fees and costs in the amount of $54,250.00. Class Counsel shall not request additional fees or costs from Defendant or the Settlement Class Members.

8. The Parties grant the following releases:

(a) Plaintiff, Yahya Sabri, and each and every one of his agents, representatives, attorneys, heirs, assigns, executors, affiliates, administrators, predecessors, successors, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively, the "Releasors"), hereby forever release and discharge GREENBERG, as well as each and every one of her predecessors and successors in interest, insurers, and any and all presently or formerly existing affiliates, subsidiaries and related companies, and any officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for any of the Defendants), any legal representatives (in the event of a Defendant's bankruptcy), and all persons, natural or corporate, in privity with any one or more of them (collectively, the "Released Parties"), from any and all causes of action, suits, claims, debts, liens, liabilities, losses, obligations,

3

promises, costs, attorneys' fees, rights, damages and demands of every kind and description whatsoever, in law or in equity, whether known or unknown, fixed or contingent, suspected, disclosed or undisclosed, claimed or concealed, of any kind which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters alleged in the Litigation from the beginning of time up through the date of this Agreement. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in the Litigation including all claims relating to GREENBERG's collection activity.

(b) Each Settlement Class Member who did not opt out of the settlement releases and discharges the RELEASED PARTIES of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs arising out of or related to Defendant's collection letter that is attached as Exhibit A to Plaintiff's Complaint in this action [Doc. 1].

(c) Plaintiff and each Settlement Class Member DO NOT release any claim or defense that Plaintiff or any Settlement Class Member may have with respect to the underlying debts which GREENBERG was attempting to collect including, but not limited to: (i) whether any debt is in fact owed; (ii) the crediting of payments on any debt; or (iii) the proper reporting of any debts to credit bureaus.

(d) The creditors of the alleged debts that GREENBERG sought to collect do NOT release their claims, if any, against Plaintiff or any Settlement Class Member for the payment of their alleged debts. The underlying debts GREENBERG sought to collect are not affected by this Agreement. This Agreement does not prevent GREENBERG from continuing, as permitted by applicable law, to attempt to collect the debts allegedly owed by any of the Settlement Class Members.

9. The Court finds the Agreement is fair and made in good faith.

10. The terms of the Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal without prejudice of the claims in this action.

11. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

12. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this order.

13. The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

IT IS SO ORDERED:

/s/ USDJ Frederic Block
HONORABLE FREDERIC BLOCK
Senior Judge, United States District Court

Dated: 9/12/14